# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DERRICK RANDLE**                                                           **PLAINTIFF**

v.                                          Civil Action No. 3:14-cv-235-TSL-JCG

**DUANE MONTGOMERY, et al.**                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for recommendation of dismissal. When Plaintiff filed this suit on March 20, 2014, he was a prisoner incarcerated at the Holmes-Humphreys County/Regional Correctional Facility in Lexington, Mississippi. Plaintiff was released from incarceration on September 26, 2014. He then filed a change of address with the Court. Plaintiff failed to appear at a duly-noticed omnibus hearing scheduled for April 9, 2015. A Show Cause Order [31] was issued, ordering Plaintiff to show cause in writing why his failure to appear at the omnibus hearing should not result in dismissal of this suit for failure to prosecute.

Plaintiff's show cause response was due April 23, 2015. Plaintiff has not filed a response. Plaintiff was specifically warned that failure to file a timely written response would "result in a recommendation that this case be dismissed for failure to prosecute." Order [31]. The Show Cause Order was mailed to Plaintiff at his address of record via certified mail. A "Derrick Cox" signed for the letter on April 10, 2015. Ackn. [32]. Nevertheless, no show cause response has been filed. It is apparent that Plaintiff lacks interest in pursuing this suit.

The Court has authority to dismiss an action for a plaintiff's failure to

prosecute, both pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

It is the opinion of the undersigned that this case be dismissed without prejudice for Plaintiff's failure to obey Orders of the Court and failure to prosecute.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of

plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 24th day of April, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE